Case: 1:22-cv-06133 Document #: 1-1 Filed: 11/04/22 Page 1 of 22 PageID #:16

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | **SUMMONS** | For Court Use Only |
|---|---|---|---|
| Cook COUNTY | | | FILED<br>9/27/2021 4:29 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2021CH04913<br><br>14981082 |

**Instructions ▼**

Enter above the county name where the case was filed.

Phil McFadden
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

v.

Enter the Case Number given by the Circuit Clerk.

Stone Park Entertainment, Incorporated
_____
**Defendant / Respondent** *(First, middle, last name)*

**2021CH04913**

**Case Number**

---

In 1. if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

1. **Information about the lawsuit:**

   Amount claimed:     $ in excess of 50,000

   Hearing Date: 1/25/2022 10:00 AM - 1
   Courtroom Number: 2405
   Location: District 1 Court
   Cook County, IL

In 2. enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

2. **Contact information for the Plaintiff/Petitioner:**

   Name *(First, Middle, Last)*:  William H. Beaumont
   Street Address, Apt #:  107 W. Van Buren, Suite 209
   City, State, ZIP:  Chicago, IL 60605
   Telephone:  (773) 831-8000
   See attached for additional Plaintiff/Petitioner contact information

In 3. enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

3. **Contact information for the Defendant/Respondent:**

   Name *(First, Middle, Last)*:  Stone Park Entertainment, Inc. (via agent: Pederson & Houpt)
   Street Address, Apt #:  161 N. Clark Street, Suite 2700
   City, State, ZIP:  Chicago, IL 60601
   Telephone:
   See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plantiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here:
  http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

---

SU-S 1503.1

**Exhibit A**     (09/18)

**4. Instructions for person receiving this form (Defendant/Respondent):**

In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: ___50 West Washington - Suite 1001, Chicago, IL 60602____

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** _____

**Clerk of the Court:** _9/27/2021 4:29 PM IRIS Y. MARTINEZ___

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

**Plaintiff/Petitioner:**

To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

**Attention:**

E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

· This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT | AFFIDAVIT OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Cook _____ COUNTY | | |

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **Phil McFadden** |
| | **Plaintiff / Petitioner** (*First, middle, last name*) |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. |
| | **Stone Park Entertainment, Incorporated** |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** (*First, middle, last name*) |

**Case Number** _____

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. |
|---|

**My name is** _____ **and I swear under oath**
　　　　　　　　*First, Middle, Last*

**that I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
　　Male: ☐　Female: ☐　Approx. Age: _____　Hair Color: _____
　　Height: _____　Weight: _____
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____
　　And left it with: _____
　　　　　　　　　　*First, Middle, Last*
　　Male: ☐　Female: ☐　Approx. Age: _____
　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　*First, Middle, Last*
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:** _____

_____
*Signature*

_____
*Print Name*

**FEES**

| | | |
|---|---|---|
| By certified/registered | $ | _____ |
| Service and Return | $ | _____ |
| Miles: _____ | $ | _____ |
| Total $ | _____ | |

9/27/2021 4:29 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04913

14981082

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

PHIL MCFADDEN, individually and on behalf of other persons similarly situated,

    Plaintiff,

v.

STONE PARK ENTERTAINMENT, INCORPORATED,

    Defendant.

Case No.: *2021CH04913*

CLASS ACTION COMPLAINT

Plaintiff Phil McFadden files the following Class Action Complaint against Defendant Stone Park Entertainment, Incorporated:

## **NATURE OF THE ACTION**

1.    This is an action by Phil McFadden ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.    Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendant, Stone Park Entertainment, Incorporated.

3.    Plaintiff and class members were required to provide Defendant with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores fingerprints and other biometric data.

4.    Plaintiff and class members have not been notified where their biometric data is being stored, for how long Defendant will keep the biometric data, and what might happen to this valuable information.

5.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

6.      Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7.      If Defendant insists on collecting and storing biometric data, Defendant must comply with the BIPA. This includes (1) notifying individuals that the practice is taking place; (2) informing individuals how the practice is implemented; (3) obtaining written consent to collect and store biometric data; (4) maintaining biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8.      Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of himself and class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION

9.      This Court has jurisdiction over Defendant because Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated by Defendant in Illinois.

## VENUE

10.      Venue is proper in this Court because Defendant is doing business and has a base of operations in Cook County. Additionally, the unlawful conduct herein sued upon arose and was perpetuated in Cook County.

2

**PARTIES**

11.    Plaintiff is a citizen of Illinois.

12.    Defendant Stone Park Entertainment, Incorporated is an Illinois-based corporation and is organized under the laws of Illinois.

**FACTUAL ALLEGATIONS**

13.    Defendant recorded and stored individuals' biometric data, including fingerprints.

14.     As part of this process, Defendant associated this biometric data with other personal identifying information, such as name and address.

15.     Thus, Defendant caused the biometric data, including fingerprints, to be recorded, collected, and stored.

16.    Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

17.    Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

18.    Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data.

19.    Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

20.    Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying class members' biometric data.

21.    Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using their biometric information.

22.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometric information.

23.     Upon information and belief, Defendant is storing their data in a manner less secure than it stores other similarly sensitive data such as their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems that have demonstrably more security. In addition to higher cyber security, Defendant's personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

25.     Class treatment in this case is appropriate because:

(a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

4

      i.   Whether Defendant collected and recorded class members' biometric data;

     ii.   Whether Defendant obtained any class members' written consent to collect their biometric data;

   iii.   Whether Defendant's conduct violates the BIPA; and

   iv.   Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

(c) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant.

26.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

27.    Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

28.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

29.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public a written policy to Plaintiff and class members.

30.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

     (a) The biometric data was being recorded, obtained, collected, or stored; and

     (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

31.     Defendant violated 14/15(e) of the Act by failing to store class members' biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which they store, transmit, and protect other confidential and sensitive information.

32.     Defendant's conduct is at best negligent and at worst reckless.

33.     Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages, or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

34.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

35.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

36.     Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

37.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which Plaintiff's and class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to their policy of permanently destroying Plaintiff's and class members' biometric data. 740 ILCS § 14/15(a).

38.     Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

39.     Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

40.     Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect Plaintiff's and class members' biometrics.

41.     Plaintiff seeks an order enjoining Defendant from future violations of the Act.

42.     Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against the Defendant and issue an order:

   a. Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

7

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages;

g. Declaring that Defendant's conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*

FILED
10/26/2021 9:57 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05449

15346660

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| NICHOLAS MURPHY, individually and on behalf of other persons similarly situated, | Case No.: **2021CH05449** |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| STONE PARK ENTERTAINMENT, INCORPORATED, | |
| Defendant. | |

Plaintiff Nicholas Murphy files the following Class Action Complaint against Defendant Stone Park Entertainment, Incorporated:

## **NATURE OF THE ACTION**

1.    This is an action by Nicholas Murphy ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.    Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendant, Stone Park Entertainment, Incorporated.

3.    Plaintiff and class members were required to provide Defendant with their personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, Defendant collects and stores fingerprints and other biometric data.

---

[1]    A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "face geometry", among others.

[2]    "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

4.     Plaintiff and class members have not been notified where their biometric data is being stored, for how long Defendant will keep the biometric data, and what might happen to this valuable information.

5.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

6.     Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7.     If Defendant insists on collecting and storing biometric data, Defendant must comply with the BIPA. This includes (1) notifying individuals that the practice is taking place; (2) informing individuals how the practice is implemented; (3) obtaining written consent to collect and store biometric data; (4) maintaining biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8.     Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of himself and class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION

9.     This Court has jurisdiction over Defendant because Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated by Defendant in Illinois.

## VENUE

10.     Venue is proper in this Court because Defendant is doing business and has a base of operations in Cook County. Additionally, the unlawful conduct herein sued upon arose and was perpetuated in Cook County.

## PARTIES

11.     Plaintiff is a citizen of Illinois.

12.     Defendant Stone Park Entertainment, Incorporated is an Illinois-based corporation and is organized under the laws of Illinois.

## FACTUAL ALLEGATIONS

13.     Defendant recorded and stored individuals' biometric data, including fingerprints.

14.     As part of this process, Defendant associated this biometric data with other personal identifying information, such as name and address.

15.     Thus, Defendant caused the biometric data, including fingerprints, to be recorded, collected, and stored.

16.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, used and/or stored.

17.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

18.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or

prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

19.    Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

20.    Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying class members' biometric data.

21.    Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using their biometric information.

22.    Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometric information.

23.    Upon information and belief, Defendant is storing their data in a manner less secure than it stores other similarly sensitive data such as their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems that have demonstrably more security. In addition to higher cyber security, Defendant's personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

4

25.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

    i.   whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

    ii.   whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

    iii.   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information

has been satisfied or within 3 years of their last interaction, whichever occurs first;

iv. whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

v. whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly

vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

26.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

27.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

28.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance

of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

29.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public a written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

30.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

31.     Defendant violated 14/15(e) of the Act by failing to store class members' biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which they store, transmit, and protect other confidential and sensitive information.

32.     Defendant's conduct is at best negligent and at worst reckless.

33.     Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages, or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

34.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

35.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

36.     Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

37.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which Plaintiff's and class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to their policy of permanently destroying Plaintiff's and class members' biometric data. 740 ILCS § 14/15(a).

38.     Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

39.     Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

40.     Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect Plaintiff's and class members' biometrics.

41.     Plaintiff seeks an order enjoining Defendant from future violations of the Act.

42.     Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against the Defendant and issue an order:

   a.   Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages;

g. Declaring that Defendant's conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*