UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BADGER MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STONE PARK ENTERTAINMENT, INC., NICHOLAS MURPHY, and PHIL MCFADDEN,<br><br>Defendants. | No. 22 CV 6123<br><br>Judge Manish S. Shah |

ORDER

Defendant's motion to dismiss for failure to join a necessary party, [17], is denied. The status report on discovery progress remains due on May 31, 2023. [15].

STATEMENT

Nicholas Murphy and Phil McFadden sued Stone Park Entertainment, Inc. in Illinois state court for alleged violations of the Illinois Biometric Information Privacy Act. [1] ¶¶ 1, 9–12.[1] Stone Park tendered the complaints to Badger Mutual Insurance Company and Badger is representing Stone Park under a reservation of rights. [1] ¶¶ 20–21. Badger filed this case asking for a declaration that it has no duties to defend or indemnify Stone Park against the claims in the Murphy and McFadden suits. [1] ¶ 23. Badger named Stone Park, Murphy, and McFadden as defendants here.

Stone Park answered Badger's complaint and then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(7) and 19 for failure to join an indispensable party. *See* [16] and [17]. Stone Park argues that Dana Montana, the co-owner of Stone Park Entertainment and an additional insured on the Badger insurance policy, is a necessary party to this litigation. [17] at 1–2. However, because Montana is an alleged citizen of Wisconsin, she would destroy complete diversity between the parties, necessitating dismissal of this case. [17] at 2.

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings.

Joinder of a party under Rule 19 is not waived by the filing of a responsive pleading. *See* Fed. R. Civ. P. 12(h)(2) *and* 5C Alan Wright & Arthur R. Miller, Federal Practice Procedure: Civil § 1359 (3d ed.). However, once a responsive pleading has been filed, the motion to dismiss for failure to join a necessary part should be brought under Rule 12(c). *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993) ("A defendant may use a rule 12(c) motion after the close of the pleadings to raise various 12(b) defenses regarding procedural defects, in which case courts apply the same standard applicable to the corresponding 12(b) motion."). Because Stone Park has not waived this issue and the analysis is the same under both Rules, there is no prejudice to plaintiff from considering the merits of Stone Park's motion. A court reviewing a motion to dismiss for failure to join an indispensable party accepts the allegations in the complaint as true and can review extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2, 480 n.4 (7th Cir. 2001).

Joinder of parties under Rule 19 is analyzed in two steps. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999); *see also Askew v. Sheriff of Cook County*, 568 F.3d 632, 634–35 (7th Cir. 2009) (describing how a court should analyze Rule 19 joinder). First, a court determines whether a party is a party that should be joined if feasible (formerly known as a "necessary" party), looking at the factors listed in Rule 19(a). *Thomas*, 189 F.3d at 667. If the party is a necessary party and can be joined without destroying subject-matter jurisdiction, then the party is joined. *Askew*, 568 F.3d at 635. If the party is a necessary party and can't be joined without destroying subject-matter jurisdiction (or due to some other procedural bar), then the court reviews the factors of Rule 19(b) to see whether the case should proceed anyway or be dismissed because the absent person is an "indispensable party." *Thomas*, 189 F.3d at 667. The relative rights and interests of the parties are determined by state law (when under diversity jurisdiction), but the question of whether to join a proposed party is a question of federal law. *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 284–85 (7th Cir. 1996); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

The Rule 19(a) factors are "(1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Thomas*, 189 F.3d at 667. Complete relief is measured as to the current parties to the action, not as between an existing party and the proposed additional party. *Davis Cos.*, 268 F.3d at 484.

Badger's complaint asks the court to decide whether it has a duty to defend Stone Park in the Murphy and McFadden suits. [1] ¶ 23. The Murphy and McFadden lawsuits name only "Stone Park Entertainment, Incorporated" as the defendant. [1-1] at 5, 13. Stone Park's answer and affirmative defenses ask the court to declare that Badger does have a duty to defend it. [16]. This court can determine the rights and

duties of Badger and Stone Park regarding the Murphy and McFadden suits under Badger's insurance policy without Montana.

The second and third factors of Rule 19(a) begin with a preliminary determination—does the proposed party have an interest in the subject matter of the litigation? Fed. R. Civ. P. 19(a)(1)(B). The burden is on the movant to establish the absent person's interest. *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). Montana clearly has an interest in the subject matter of the litigation—as the owner of 50% of the shares of Stone Park, she has a stake in Stone Park's expenses and revenue and that interest will be affected if Badger does not cover the cost of defense. *See* [21-1] ¶¶ 1, 4. But what Montana has not shown is that she has an interest that is different than Stone Park's interest in the litigation such that her interest would not be protected by Stone Park. Montana's interest in this case is that Badger be ordered to defend the Murphy and McFadden suits; Stone Park's interest is the same. Where an absent party's interest is identical to that of a current party, the absent party's interest is not impaired or impeded by the suit continuing without them. *See J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014) *citing Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit."); *see also Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 201 (5th Cir. 2017) (insured and additional insured shared the same interest of maximizing coverage).

The existence of a party that can adequately protect Montana's interest is what distinguishes this case from *US ex rel. Hall v. Tribal Development Corp.*, 100 F.3d 476, 478 (7th Cir. 1996), and *L&W Supply Corp. v. Alabaster Assurance Co. Ltd.*, 2021 WL 1057240, at *3 (N.D. Ill. Mar. 18, 2021), both cited by Stone Park in its motion. *Hall* was a *qui tam* action alleging that contracts between the Menominee Indian Tribe of Wisconsin[2] and their suppliers violated certain federal government approval provisions. *Hall*, 100 F.3d at 478. Because there was a possibility of a conflict between the interests of the Menominee and the United States, the court found that the Menominee's interest was not adequately represented by the United States and the Menominee were therefore an indispensable party under Rule 19. *Id.* at 479. But neither Stone Park nor Montana have made any arguments about why Stone Park's interests in a declaration of the insurance company's obligations under the policy are different than, or potentially in conflict with, Montana's interests. Similarly, in *L&W Supply Corp.*, the named insured party sought a declaration that it was not required to reimburse the insurance company for payments the insurance company made to a third-party additional insured. *L&W Supply Corp.*, 2021 WL 1057240, at *3. The court found that the third-party additional insured was a necessary and

---

[2] I use the terms "Menominee Indian Tribe of Wisconsin" and "the Menominee" because that is how the Tribe refers to itself. *See* "Who We Are," The Menominee Indian Tribe of Wisconsin, menominee-nsn.gov/CulturePages/AboutUs.aspx., *accessed on* May 24, 2023.

3

indispensable party to the litigation because resolution of the case required the court to decide whether the insurance company chose to defend the additional insured "in bad faith." *Id*. The named insured and additional insured were two different entities whose interests were unaligned so the named insured could not adequately represent the additional insured. Again, there is no evidence here that Montana and Stone Park have different interests in how this case is resolved.

Stone Park argues that "resolution of the declaratory action would necessarily prejudice Montana by extinguishing any claim to defense or indemnification by [Badger] for the underlying litigation or related claims arising under expanded or related facts." [17] at 6. Montana's financial interest in having Badger cover the costs of defense (and possible liability) of the Murphy and McFadden suits will be determined by this case. But, as discussed above, Stone Park can adequately represent her interest in the determination of that question. Montana has no exposure in the underlying litigation. The specter of an unknown claim against Montana or attempt to pierce the corporate veil is hypothetical, and even those concerns would be adequately protected by Stone Park's full-throated effort to seek coverage in the underlying litigation. This case's outcome would likely not preclude Montana from making separate arguments about her rights under the Badger policy for coverage in any future BIPA actions based on different facts.

The third Rule 19(a) factor is "whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Thomas*, 189 F.3d at 667. Stone Park is not at risk of multiple or inconsistent obligations regarding the Badger policy and the Murphy and McFadden suits—this case will determine its rights under the policy vis-à-vis the two cases. To the extent that Badger could be sued by Montana, that is a risk that Badger undertakes in opposing this motion. *See Fed. Ins. Co.*, 850 F.3d at 201. ("As to the risk of multiple or inconsistent obligations, this risk is borne by Federal, who opposed the motion to join the additional insureds."). Furthermore, it is not likely that Montana would sue Badger separately regarding the Murphy and McFadden suits because she is not named as a defendant in the cases.

Montana's interest in this case is the same as Stone Park's interest and Stone Park can adequately represent and protect it. For that reason, Montana is not a necessary party. Because I find that Montana is not a necessary party under Rule 19(a), there is no need to analyze whether she is an indispensable party under Rule 19(b). *See Davis Cos.*, 268 F.3d at 485.

ENTER:

Date: May 30, 2023

Manish S. Shah
U.S. District Judge